# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 00-CR-0105-CVE |
| | ) | (03-CV-0885-CVE-FHM) |
| MALCOLM DEROME MCGEE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Application Seeking Leave for an Order and Directions Granting Relief Pursuant to Provisions Set Forth in an Independent Action Pursuant to Rule 60(d), Fed. R. Civ. Procedure (Dkt. # 128). Defendant claims that he received ineffective assistance of counsel and he asks that he be permitted to accept a plea agreement that was offered to him before he exercised his right to a jury trial in 2000. He asks the Court to treat his motion as an "independent action" pursuant to Fed. R. Civ. P. 60(d).

On August 8, 2000, a grand jury returned an indictment charging defendant with conspiracy to possess with intent to distribute Phencyclidine (PCP) (count one), possession of PCP with intent to distribute (count two), and use of a communications facility to cause or facilitate a drug trafficking offense (count three). Dkt. # 7. The government filed an enhancement information (Dkt. # 15) stating that defendant had two prior convictions for felony drug offenses and he was subject to a sentencing enhancement if convicted on counts one, two, or three. A change of plea hearing was set for October 27, 2000, and defendant appeared at the hearing with his attorney. The government offered defendant a plea agreement at the hearing and the Court gave defendant

additional time to consider the offer to avoid putting pressure on him to accept the plea agreement. Dkt. # 32. However, defendant was advised that the trial would proceed on October 30, 2000 if he chose not to change his plea. Id. On the morning of the first day of trial, defendant announced that he would reject the plea agreement and he intended to exercise his right to a jury trial. Dkt. # 33. The jury found defendant guilty on all three counts. Defendant filed a motion to arrest judgment (Dkt. # 36) as to count one and he argued that count one did not actually charge an offense. The Honorable Sven Erik Holmes granted the motion. Dkt. # 41. Due to his prior felony drug convictions, defendant received a sentence of life imprisonment as to count two and a sentence of 56 years as to count three.[1]

Defendant appealed his convictions to the Tenth Circuit Court of Appeals, and his convictions and sentence were affirmed in all respects except for his sentence as to count three. The case was remanded for resentencing on count three. Defendant was sentenced to 96 months as to count three at a resentencing hearing. Dkt. # 91. On December 29, 2003, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 101). The motion was denied. Dkt. ## 117, 118. Defendant appealed the denial of his § 2255 motion and, on September 10, 2007, the Tenth Circuit denied his request for a certificate of appealability and dismissed his appeal. Dkt. # 126.

Defendant has filed a motion asserting ineffective assistance of counsel claims that were not asserted in his original § 2255 motion. Construing defendant's pro se motion broadly, it appears that

---

[1] The sentencing court determined that count three charged seven separate offenses and sentenced to defendant to eight years as to each offense. This resulted in a sentence of 56 years on count three. Due to the filing of an enhancement information, defendant was subject to a statutory maximum sentence of eight years on count three. 21 U.S.C. § 843(d).

he is arguing that he received ineffective assistance of counsel because his attorney failed to advise him that he would receive a mandatory life sentence if he declined the government's plea offer. He claims that he was unaware that the government sought to enhance his sentence under § 851, and he would have accepted the plea agreement if he had known about the enhancement. This is clearly a challenge to validity of his conviction or sentence. Defendant cites Rule 60(d) as the basis for his motion, and Rule 60(d) provides:

> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Although defendant claims that his motion is filed pursuant to Rule 60(d), the Tenth Circuit has clearly stated that it is the relief sought, rather than a defendant's classification, that determines whether a motion should be deemed second or successive under § 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Defendant is asking the Court to vacate his convictions and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Defendant has already filed a § 2255 motion (Dkt. # 101) and the motion was denied, and this motion (Dkt. # 128) must be treated as a second or successive § 2255 motion.

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court,

the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In defendant's motion, he alleges claims of ineffective assistance of counsel based on evidence available to him when he filed his original § 2255 motion, and his claims are not based on a new rule of constitutional law. It would be a waste of judicial resources to transfer his motion to the Tenth Circuit, and his motion (Dkt. # 128) should be dismissed for lack of jurisdiction.

4

**IT IS THEREFORE ORDERED** that defendant's Application Seeking Leave for an Order and Directions Granting Relief Pursuant to Provisions Set Forth in an Independent Action Pursuant to Rule 60(d), Fed. R. Civ. Procedure (Dkt. # 128) is **dismissed** for lack of jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 4th day of December, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE